IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD LUNDY BAETY,<br><br>    Plaintiff,<br><br>v.<br><br>DEKALB COUNTY SCHOOL DISTRICT, ANGELA SMITH, MICHELE SUMMERLIN,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:23-cv-4619-MLB-JKL |

## SCHEDULING ORDER AND INSTRUCTIONS REGARDING MANAGEMENT OF CIVIL CASES

The parties have filed their joint preliminary report and discovery plan. [Doc. 19.] The time limits for adding parties, amending the pleadings, filing motions, and discussing settlement are as stated in the joint preliminary report and discovery plan. For good cause shown, this case is assigned to a four-month discovery track, with discovery to close on **June 3, 2024**. The parties shall file any motions for summary judgment no later than **July 3, 2024**, unless otherwise permitted by order of the Court.

A.   **CONTACTING CHAMBERS**

Courtroom Deputy Clerk Cynthia Mercado is your principal point of contact on administrative matters relating to this case. Neither the parties, nor their counsel should discuss the merits of the case with Ms. Mercado or any of the Court's law clerks. Ms. Mercado's contact information is as follows:

> Honorable John K. Larkins III
> ATTN: Cynthia Mercado, Courtroom Deputy
> 1837 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, Georgia 30303-3309
> Cynthia_Mercado@gand.uscourts.gov

If a telephone call is necessary, you may reach Ms. Mercado at 404-215-1365.

B.   **COURTESY COPIES**

Except for emergency motions filed pursuant to LR 7.2B, NDGa., or a request from Chambers, the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings. The Court will occasionally request a courtesy copy of electronically filed documents but, if they are needed, a representative from Chambers will contact counsel.

## C. DISCOVERY

Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.  *See* Fed. R. Civ. P. 26(c) and 37; LR 37.1A, NDGa.  The duty to confer is ***not*** satisfied by sending a written document, such as a letter, email or fax, to the adversary, ***unless*** repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's courtroom deputy.  The Court may then schedule a conference call in which the Court will attempt to resolve the matter, without the necessity of a formal motion.  The Court may request that each side submit a brief statement of the issues in advance of the conference.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

## D. REQUESTS FOR PROTECTIVE ORDERS, MOTIONS TO SEAL, AND MOTIONS TO COMPEL

The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the Clerk.  As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to

3

electronic case files. A party seeking to file a document under seal must follow the rules and procedures set forth in Appendix H to the Local Rules. Detailed procedures for electronic filing under seal in civil cases is available at http://www.gand.uscourts.gov/cv-sealed-procedures.

All motions related to discovery, including, but not limited to, motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

## E. ELECTRONIC FILING OF EXHIBITS AND ATTACHMENTS

The parties should make every effort to label all electronically-uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, the Court would prefer to have documents uploaded as Ex. A: Excerpts from Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A, Ex. B, and Ex. C.

## F. MOTIONS FOR SUMMARY JUDGMENT

### 1. Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) material facts. When

filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file an electronic copy of the complete transcript of each deposition referenced in the brief (including any exhibits and index), and a notice of filing of the deposition transcript(s).  The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found.

## 2. Statement of Material Facts and Response

Absent prior permission of the Court, no party may file a statement of undisputed (or disputed) material facts that exceeds twenty-five (25) double-spaced pages in length.  A motion requesting an increase in the page length must be filed along with a proposed order prior to the due date for the motion for summary judgment.  In addition to following the form instructions set out in LR 56.1B, NDGa., a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.  A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material facts and the opposing party's response, and then provide its reply to that statement immediately following.  Each party shall file its documents in a text-

searchable PDF format. Statements of material facts that do not conform to these instructions will be returned to counsel for revision.

IT IS SO ORDERED this 7th day of February, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge